In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the TITLE AND MORTGAGE GUARANTEE COMPANY OF BUFFALO.

Supreme Court, Erie County, December 29, 1933.

*Thomas C. Burke*, for the Superintendent of Insurance.

*Kenefick, Cooke, Mitchell, Bass & Letchworth* [*Thomas R. Wheeler* of counsel], for the Marine Trust Company of Buffalo.

*Moot, Sprague, Brownell, Marcy, Carr & Gulick* [*William L. Marcy* of counsel], for certain certificate holders.

*Edward C. Schlenker, Henry E. Warner, George F. Brown, Louis L. Babcock, Edward N. Mills, Milton E. Kaeselau, A. Gerald Weinberg, Peter A. Schultz* and *George Clinton, Jr.*, for various certificate holders.

HINKLEY, J. This is a motion by the State Superintendent of Insurance for an order approving, modifying or disapproving a certain plan of reorganization or rehabilitation promulgated by him at the request of certain owners of certificates of mortgage indebted

ness of the above-entitled company. Upon the hearing of the motion, the Superintendent of Insurance indicated to the court his approval of the plan with two amendments. Full opportunity was afforded by the court for the written and oral arguments of the proponents and opponents of the plan. No one, unless devoid of human sympathy, could listen to the tales of suffering caused by unfortunate investments in this company without a desire to do everything humanly possible to conserve for all holders of certificates of mortgage indebtedness whatever may be salvaged from the wreck.

The plan involves the surrender of the powers of rehabilitation by the State Superintendent of Insurance and their transfer into a private corporation to be controlled by three named trustees. The hearing disclosed a clearly defined suspicion upon the part of many of the holders of certificates that they were being discriminated against. This suspicion arose, partly through ignorance of the primary purpose of the rehabilitation statutes which are aimed to save this and similar corporations from the terrific losses which would be occasioned by forced and speedy liquidation at a time when values are at their lowest ebb. The suspicion was strengthened by the inability of some of the certificate holders to obtain the names and addresses of the other holders. The suspicion has fed upon propaganda emanating from lawyers in the metropolitan district. A further disquieting factor in the minds of certain certificate holders was their belief that the maximum fee to be paid to the trustees would be, in the light of experience, also the minimum fee.

The court has not before it an inquiry into the conduct of the company before the order of rehabilitation. The court unqualifiedly expresses its confidence in the good faith of the State Superintendent of Insurance and those who originated the proposed plan. The best interests of all concerned demand that the rehabilitation be placed in the hands of those who have a community interest in the assets of the corporation rather than that the administration of the corporation's affairs remain with the State officials. Not only can the corporation be more economically administered as shown by experience, but its assets may be nursed along by a private corporation in a slow but definitely rising market instead of the almost certain liquidation at the hands of the State.

" In most cases the court must rely to a great extent on the Superintendent of Insurance who has the facilities to acquire information with reference to the details." (Opinion of MARTIN, J., in *Matter of National Surety Co.*, 239 App. Div. 490.) The Superintendent of Insurance has approved of the plan which " seems feasible

and to be for the benefit of all concerned." (*Matter of National Surety Co., supra.*) The court modifies the plan, as proposed, by striking out the following clause: "No compensation shall be allowed to any stockholder, director or officer, or to any person holding two or more of said offices, including his successor, in excess of one-half of one per cent of the amount disbursed to holders of said guaranteed first mortgage certificates, or in the aggregate in excess of one and one-half per cent of said amount."

Many suggestions were made to the court, such as substituting a single official with a definite salary for the three trustees; transferring the assets to the corporation in an expressed trust; employing as trustees experienced officials of the original and other similar corporations and limiting trusteeships to certificate holders or forbidding the same. These would be tantamount to the formation of a new plan by the court and not within its function of modification. Other suggestions and objections fall into the category of "mere details which may readily be adjusted and do not go to the right of the State to order a rehabilitation of the company, and thus render a great public service." (*Matter of National Surety Co., supra.*)

The Appellate Division, First Department, has declared that article XI of the Insurance Law and chapter 40 of the Laws of 1933 are valid enactments, but did not pass upon the validity of chapter 745 of the Laws of 1933, nor upon the question of whether the powers given the Superintendent of Insurance are entirely too broad and beyond the authority of the Legislature to delegate. (*Matter of National Surety Co., supra.*)

There are two serious objections which go to the very heart of the plan: *First*, that subdivision 3 of section 6 of chapter 745 of the Laws of 1933 is unconstitutional; that it is violative of the due process clauses of the Federal and State Constitutions; that the State has no right to deprive a one-third minority of its property and contract rights; that at the behest of a two-thirds majority and against the opposition or without the consent of such one-third minority, the State cannot transfer the assets of the title corporation to a privately owned corporation over whose actions the minority has no control; that the police power of the State to take unto itself a process of rehabilitation cannot be thus delegated to private interests. *Second*, that article XII of the Insurance Law provides for the formation of a corporation under and pursuant to such Insurance Law; that section 5 of article 2 of the Stock Corporation Law does not authorize the formation of a stock corporation as proposed under the plan for the purposes therein designated.

These objections would undoubtedly be held fatal under ordinary conditions. But the very emergency which calls into being the plan here proposed constrains the trial court at least from jeopardizing the interests of all the holders of certificates of mortgage indebtedness by declaring a statute unconstitutional or illegal and thus hampering an economical rehabilitation and conservation of the funds, real property and bonds and mortgages deposited with the Marine Trust Company of Buffalo under a depositary agreement. These assets may be the entire security to protect the investment of eleemosynary institutions, of individuals who have no other means of sustenance and of those other more fortunate individuals who, while not in want, are entitled to equal protection.

The court, therefore, approves of the plan as promulgated and approved by the Superintendent of Insurance, with the reservations suggested by said Superintendent and the modification by the court herein set forth.